PHILIP P. PHILLIPS et al. *v.* SULLIVAN'S HEIRS et al.

**Parol Gift of Land — Estoppel — Statutes of Fraud — Innocent Purchaser.**

Where the father by parol gave land to his son, and the son, with the knowledge and consent of the father, sold the land in controversy to Caswell, who sold it to Sullivan. The son made a deed to Caswell, which had never been acknowledged or recorded. After Sullivan and Caswell had been in possession of the land for ten years the father conveyed it to the wife and children of another son.

*Held*, that the wife and children are not innocent purchasers for value, and they stand in no better attitude than their vendor, who was estopped by his conduct to plead the Statutes of Fraud.

APPEAL FROM HARDIN CIRCUIT COURT.

September 27, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

If it be conceded, which we do not, that the exceptions to the depositions taken 20th of May, 1864, should have been sustained, yet no exceptions were taken to those given May 19, 1864, and none to those given April 7, 1865, there are no depositions in this record of April 2, 1865, to which the defendants did except, and these depositions not excepted to sufficiently establish the essential facts in issue.

Samuel H. Phillips is the administrator, but not an heir or devisee of William G. Phillips, deceased, and, therefore, not interested in this action, but by section 674, Civil Code, is made a competent witness for the heirs-at-law of the decedent.

But we see no error in overruling the exceptions to the depositions, the evidence rather imposingly tends to establish that William Phillips, by parol, gave land to his son, Philip P. Phillips, that said Philip with the knowledge and consent of his father sold this land in controversy to Caswell, who sold it to decedent, Sullivan; that Philip made a deed to Caswell which had never

been acknowledged or recorded; that Caswell and Sullivan had possession of the land by their tenant, and this land was assigned out of a larger tract by metes and bounds; that after such recognition and acquiescence for more than ten years, by William Phillips, he conveyed the land to the wife and children of his son Josiah Phillips, who began to use the timber, etc., when appellees filed this suit to enjoin them from so doing and to compel them to relinquish their title to appellees. The wife and children of Josiah Phillips are volunteers and not innocent purchasers for a valuable consideration, and, therefore, stand in no better attitude than would their vendor.

William Phillips, by his course of conduct, would be estopped from setting up his legal title against the vendees of his son Philip, nor would he be permitted as against them to plead the Statute of Frauds and Perjuries, and it was entirely proper for the court to require the appellants to relinquish to appellees their title to this small tract of about sixty and one-fourth acres, which is conveyed in their deed from William Phillips for about 557 acres.

Wherefore, the judgment is affirmed.